*Pro Per*

FILED
LODGED
ENTERED
RECEIVED

JUN 1 2 2023    CR

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

**23-CV-0884**

Cody Hart, Derrill Fussell, Kevin Ewing, Timothy Garrison, Steven Rindal, and Kathy LaFreniere

           Plaintiffs,

    v.

RICHARD WEYRICH,
DONALD MCDERMOTT,
SANDRA PERKINS,
and COUNTY OF SKAGIT

           Defendants

CASE NO. _____

**COMPLAINT FOR
VIOLATION OF
CIVIL RIGHTS**

**JURY TRIAL YES**

## I.  THE PARTIES TO THIS COMPLAINT

**A.  Plaintiff(s)**

1)  Name:         Cody R. Hart
    Street Address   901 Metcalf Street #71
    City and County  Sedro-Woolley, County of Skagit
    State and Zip Code  Washington, [98284]

2)  Name:         Derrill J. Fussell
    Street Address   929 E. College Way
    City and County  Mount Vernon, County of Skagit
    State and Zip Code  Washington, [98273]

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 1

3)    Name:           Kevin S. Ewing
       Street Address    929 E. College Way
       City and County   Mount Vernon, County of Skagit
       State and Zip Code   Washington, [98273]

4)    Name:           Timothy Garrison
       Street Address    929 E. College Way
       City and County   Mount Vernon, County of Skagit
       State and Zip Code   Washington, [98273]

5)    Name:           Steven Rindal
       Street Address    929 E. College Way
       City and County   Mount Vernon, County of Skagit
       State and Zip Code   Washington, [98273]

6)    Name:           Kathy LaFreniere
       Street Address    929 E. College Way
       City and County   Mount Vernon, County of Skagit
       State and Zip Code   Washington, [98273]

**B.**     **Defendant(s)**

1)    Name:           Richard A. Weyrich (Official and Private Capacity)
       Street Address    P.O. Box 1306 Administration Building, Room 201
       Street Address    700 S. Second Street
       City and County   Mount Vernon, County of Skagit
       State and Zip Code   Washington, 98273
       Telephone Phone   360-416-1600

2)    Name:           Donald L. McDermott (Official and Private Capacity)
       Street Address    P.O. Box 1306 Administration Building, Room 201
       Street Address    700 S. Second Street
       City and County   Mount Vernon, County of Skagit
       State and Zip Code   Washington, 98273
       Telephone Phone   360-416-1600

3)    Name:           Sandra F. Perkins (Official and Private Capacity)
       Street Address    P.O. Box 1306 Administration Building, Room 201
       Street Address    700 S. Second Street
       City and County   Mount Vernon, County of Skagit
       State and Zip Code   Washington, 98273
       Telephone Phone   360-416-1600

*Pro Per*

4)    Name:            County of Skagit
         Street Address    P.O. Box 1306 Administration Building, Room 201
         Street Address    700 S. Second Street
         City and County   Mount Vernon, County of Skagit
         State and Zip Code  Washington, 98273
         Telephone Phone  360-416-1600

### III.   JURISDICTION AND VENUE

1.    Plaintiffs are all United States Citizens of the State of Washington.

2.    This case involves violations of 42 U.S.C. § 1983, by local officials for the deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws.

3.    This case involves violations of 18 U.S.C. § 241 Conspiracy Against Rights, which is a federal question giving this Court jurisdiction pursuant to 28 U.S.C. § 1331

4.    This case involves violations of 18 U.S.C. § 245 Federally protected activities, which is a federal question giving this Court jurisdiction pursuant to 28 U.S.C. § 1331

5.    This case involves violations of the United States Constitution ArtVI.C3.1.1, and the 14th Amendment to the United States Constitution, which are federal questions giving this Court jurisdiction pursuant to 28 U.S.C. § 1331.

6.    Venue is proper before this Court because the facts and causes of action described herein took place within the Western District of Washington.

### II.   INTRODUCTION

7.    This is an action under 42 U.S.C. 1983 concerning Skagit County Public Officials RICHARD WEYRICH, DONALD MCDERMOTT, and SANDRA PERKINS who as public officers refused or neglected to deposit their official bonds within the time prescribed by law to the Skagit County Office of County Clerk, have refused to surrender their public office, and refused to announce vacancies in Public Office interfering with the continuity of a lawful government, interfering with the Plaintiffs Right to elections, and interfere with the Rights of the Plaintiffs to campaign as candidates in 2023 elections.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 3

*Pro Per*

8.       Defendant COUNTY OF SKAGIT is a political and geographical subdivision of the State of Washington.

9.       Defendant RICHARD WEYRICH is the Skagit County Prosecuting Attorney, and in that capacity is a Public Official is required to have a valid official bond on file with the County Clerk prior to performing any official duty, is required to report defects of Official Bonds to the legislative authority, is required to bring all violation of election law to the attention of the proper jury, is required to follow the laws of State of Washington and United States of America, and is sued in his Official and individual capacity.

10.      Defendant DONALD MCDERMOTT is the Skagit County Sheriff, and in that capacity is a Public Official required to have a valid official bond on file with the County Clerk prior to performing any official duty, is required to follow the laws of State of Washington and United States of America, and is sued in his Official and individual capacity.

11.      Defendant SANDRA PERKINS is the Skagit County Auditor, and in that capacity is a Public Official required to have a valid official bond on file with the County Clerk prior to performing any official duty, is required to follow the laws of State of Washington and United States of America, and is sued in her Official and individual capacity.

12.      The Plaintiffs also allege that the Defendants have and continue to conspire with other Government officials throughout the County to obstruct and conceal the existence of the vacated offices interfering with the elections, conceal the Civil Rights violations that are occurring and to use the force and powers of the Government to suppress the U.S. Constitution and prevent a lawfully elected government in Skagit County.

## IV.       FACTS

13.      The Plaintiff Cody Hart is a firsthand witness to certain facts described in this complaint and has submitted a Declaration/Affidavit, and is attached hereto as **Exhibit 1.**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 4

*Pro Per*

14. On January 1, 2023, the 2018 to 2022 term Official Bond on file with the office of Skagit County Clerk for Defendant RICHARD WEYRICH, expired and is attached hereto as **Exhibit 2**.

15. On December 31, 2022, the 2018 to 2022 term Official Bond on file with the office of County Clerk for Defendant DONALD MCDERMOTT, expired and is attached hereto as **Exhibit 3**.

16. On December 31, 2022, the 2018 to 2022 term Official Bond on file with the office of County Clerk for Defendant SANDRA PERKINS, expired and is attached hereto as **Exhibit 4**.

17. On or about January 1, 2023, Defendants began performing official duties, each in their Official Capacities, for the 2023 term that included but was not limited to; payment from public accounts, contract modifications, election system canvassing board membership, and other official actions that included using public funds without the required Official bond for their Public Office being properly filed as a security to the state, or to such county, city, town or other municipal or public corporation, as the case may be, and also to all persons severally, for the official delinquencies against which the bond is intended to provide.

18. On or about February 14, 2023 public records where obtained by the Plaintiff from the Office of the County Clerk of Skagit County referred to as a Case Summary for 2023 Official bonds, attached hereto as **Exhibits 5**, and that serves as the official record of when bonds for public officials are received, indicating that each of the Defendants failed to file or give a new Official bond, after their prior bonds found in Exhibits 2, 3, and 4 expired, to the Office of the County Clerk until February 1, 2023.

19. On or about March 3, 2023 Skagit County Clerk certified copies of the Defendants 2023 to 2026 term Official bonds were obtained by the Plaintiff and confirmed by the County Clerk certification to have been filed on February 1, 2023, after the Defendants began performing their official duties, and are attached hereto as **Exhibits 6, 7**, and **8**.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 5

*Pro Per*

20.    RCW 36.16.050 requires that prior to entering upon their Duties, Public Officials are required to obtain an official bond "*Every county official before he or she enters upon the duties of his or her office shall furnish a bond conditioned that he or she will faithfully perform the duties of his or her office...*" RCW 36.16.050.

21.    RCW 36.16.060 provides County Public Officers, such as the Prosecuting Attorney, Sheriff, and Auditor instructions on where to file their official bond and states it is required to be filed before performing any official duties "*Every county officer, before entering upon the duties of his or her office, shall file his or her oath of office in the office of the county auditor and his or her official bond in the office of the county clerk:...*" RCW 36.16.060.

22.    Similarly, in a 1980 Attorney General Slade Gordon issued opinion, attached hereto as **Exhibit 9**, Slade Gordon reaffirmed the vacancy of Public Officials, such as for when the Defendants neglected to properly renew or file their Official Bond, as follows;

"*A question which you might want to explore, therefore, is whether, by its terms, that bond is still in effect. In other words, did that bond cover only a specified period of time as opposed to a certain term of office regardless of its duration? If so, then the execution of a new bond would appear to be required of the prior clerk if she desires now actually to continue serving. And for her failure to execute that bond, the office could now be declared vacant under RCW 42.12.010, supra, in accordance with the rationale of State ex rel. Vanderveer v. Gormley, supra.*1."

AGLO 1980 No.2

23.    According to RCW 36.27.020, duties of the Prosecuting Attorney, such as Defendant WEYRICH, duties include;

.....

*(9) Present all violations of the election laws which may come to the prosecuting attorney's knowledge to the special consideration of the proper jury;*
*(10) Examine once in each year the official bonds of all county and precinct officers and report to the legislative authority any defect in the bonds of any such officer...*

RCW 36.27.020

24.    On May 15, 2023 Skagit County opened the first day of online and in-person candidate filing however, none of the Defendants had announced any openings or vacancies for

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 6

*Pro Per*

any of the County position of Skagit County Prosecuting Attorney, Skagit County Sheriff or Skagit County Auditor so no candidates were allowed to file to be a candidate for any of these public offices even though these offices had been vacated for not properly filing their Official Bond.

25.    On May 19, 2023 Skagit County closed candidate filing without allowing any candidates to file, including the Plaintiffs, for the vacated Skagit County public offices of Skagit County Prosecuting Attorney, Skagit County Sheriff or Skagit County Auditor for the August, 2023 primary election, although the Defendants Offices had been vacated and elections where necessary.

## V.    CAUSE OF ACTION

### FIRST CAUSE OF ACTION
(RCW 36.16.050 Official Bond)

26.    Plaintiff re-alleges Paragraphs 1 through 25 and incorporates them as if set forth fully herein.

27.    By refusing or neglecting to renew his Official Bond before entering upon the duties of his office of Skagit County Prosecutor, RICHARD WEYRICH violated RCW 36.16.050, and created a Cause of Action.

28.    By refusing or neglecting to renew his Official Bond before entering upon the duties of his office of Skagit County Sheriff, DONALD MCDERMOTT violated RCW 36.16.050, and created a Cause of Action.

29.    By refusing or neglecting to renew her Official Bond before entering upon the duties of her office of Skagit County Auditor, SANDRA PERKINS violated RCW 36.16.050, and created a Cause of Action.

### SECOND CAUSE OF ACTION
(RCW 36.16.060 Place of filing oaths and bonds)

30.    Plaintiff re-alleges Paragraphs 1 through 29 and incorporates them as if set forth fully herein.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 7

Pro Per

31.    By refusing or neglecting to give or renew his Official Bond in the office of the County Clerk before entering upon the duties of his or her office of Skagit County Prosecutor, RICHARD WEYRICH violated RCW 36.16.060, and created a Cause of Action.

32.    By refusing or neglecting to give or renew his Official Bond in the office of the County Clerk before entering upon the duties of his office of Skagit County Sheriff, DONALD MCDERMOTT violated RCW 36.16.060, and created a Cause of Action.

33.    By refusing or neglecting to give or renew her Official Bond in the office of the County Clerk before entering upon the duties of her office of Skagit County Auditor, SANDRA PERKINS violated RCW 36.16.060, and created a Cause of Action.

### THIRD CAUSE OF ACTION
(RCW 42.12.010 Causes of Vacancy)

34.    Plaintiff re-alleges Paragraphs 1 through 33 and incorporates them as if set forth fully herein.

35.    By his refusal or neglect to give or deposit his official bond within the time prescribed by law to the Office of Skagit County Clerk Defendant RICHARD WEYRICH violated RCW 42.12.010, and created a Cause of Action.

36.    By his refusal or neglect to give or deposit his official bond within the time prescribed by law to the Office of Skagit County Clerk Defendant DONALD MCDERMOTT violated RCW 42.12.010, and created a Cause of Action.

37.    By her refusal or neglect to give or deposit her official bond within the time prescribed by law to the Office of Skagit County Clerk Defendant SANDRA PERKINS violated RCW 42.12.010, and created a Cause of Action.

### FOURTH CAUSE OF ACTION
(18 U.S.C., Section 245 - Federally Protected Activities)

38.    Plaintiffs re-allege Paragraphs 1 through 37 and incorporate them as if set forth fully herein.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 8

*Pro Per*

39.     By Defendants not announcing vacancies of Public offices, not performing their duties as the County of Skagit and as Public Officials to announce vacated Public offices, allowing vacated Defendants to remain in office, Defendants interfered with Plaintiffs filing as 2023 candidates during filing week of May 15th to 19th, interfered with Plaintiffs campaigning as 2023 primary candidates, and interfered with the 2023 elections including interfering with the Plaintiffs right to vote for vacated public offices such as in the August 2023 primary election, Defendants violated 18 U.S.C. 245 and created a Cause of Action.

## FIFTH CAUSE OF ACTION
(18 U.S.C., Section 241 - Conspiracy Against Rights)

40.     Plaintiffs re-allege Paragraphs 1 through 39 and incorporate them as if set forth fully herein.

41..    By Defendants conspiring to interfering with Plaintiffs rights such as filing as 2023 candidates during filing week of May 15th to 19th, campaigning as 2023 primary candidates, and interfering with 2023 elections including interfering with the Plaintiffs right to vote for vacated public offices in the August 2023 primary election, Defendants violated 18 U.S.C. 241 and created a Cause of Action.

## SIXTH CAUSE OF ACTION
(18 U.S.C., Section 242 - Deprivation of Rights Under Color of Law)

42.     Plaintiffs re-allege Paragraphs 1 through 41 and incorporate them as if set forth fully herein.

43.     By Defendants claiming the Public Official Defendants were in public office legally, concealing that Public official Defendants offices had been vacated, interfering with the announcement of candidate openings for the 2023 election filing week, interfering with the Plaintiffs right to campaign as candidates, interfering with the Plaintiffs right to vote all while claiming their actions where lawful, and depriving Defendants of these and other rights, Defendants violated 18 U.S.C. 242 and created a Cause of Action.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 9

## VI.    REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully request the following relief:

1.    That the Court adjudge and decree that the Defendants, RICHARD WEYRICH, DONALD MCDERMOTT, and SANDRA PERKINS have engaged in the conduct complained of herein.

2.    That a ruling be issued under the Seal of this Court finding and declaring that as a result of his refusal or neglect to properly renew his bond in accordance with RCW 36.16.050 and/or properly deposit his official bond in accordance with RCW 36.16.060, the Public Office of Skagit County Prosecutor held by RICHARD WEYRICH has become vacated in accordance with RCW 42.12.010 and an election in the upcoming general election for the replacement is necessary

3.    That a ruling be issued under the Seal of this Court finding and declaring that as a result of his refusal or neglect to properly renew his bond in accordance with RCW 36.16.050 and/or properly deposit his official bond in accordance with RCW 36.16.060, the Public Office of Skagit County Sheriff held by DONALD MCDERMOTT has become vacated in accordance with RCW 42.12.010 and an election in the upcoming general election for the replacement is necessary.

4.    That a ruling be issued under the Seal of this Court finding and declaring that as a result of her refusal or neglect to properly renew her bond in accordance with RCW 36.16.050 and/or properly deposit her official bond in accordance with RCW 36.16.060, the Public Office of Skagit County Auditor held by SANDRA PERKINS has become vacated in accordance with RCW 42.12.010 and an election in the upcoming general election for the replacement is necessary.

5.    That the Court adjudge and decree that the conduct complained of herein constitutes violation of Plaintiffs rights under 18 U.S.C., Section 245 - Federally Protected Activities.

6.    That the Court adjudge and decree that the conduct complained of herein constitutes violation of Plaintiffs rights under 18 U.S.C., Section 241 - Conspiracy Against Rights.

7.    That the Court adjudge and decree that the conduct complained of herein constitutes violation of Plaintiffs rights under 18 U.S.C. 242 - Deprivation of Rights Under Color of Law.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 10

8.     That the Court assess civil penalties, against the Defendants for what has been reported in this complaint as the court finds appropriate

9.     That the Court award compensatory damages, against the Defendants, and for the Plaintiffs for what has been reported in this complaint, and is attached hereto as **Exhibit 10**.

10.    That the Court assess punitive damages, against the Defendants for what has been reported in this complaint as the court finds appropriate.

11.    That the Court assess legal fees and costs, against the Defendants for what has been reported in this complaint as the court finds appropriate.

12.    That this court refer this matter to an appropriate law enforcement agency for criminal investigation of what has been reported in this complaint and for other crimes as the court finds appropriate.

13.    That the Court order such other relief as it may deem just to fully and properly dissipate the effects of the conduct complained of herein, or which may otherwise seem proper to this court.

## VI.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 11

*Pro Per*

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

Dated: June 11, 2023

Respectfully submitted,


Cody R. Hart, *Pro Per*
901 Metcalf Street #71
Sedro-Woolley, WA [98284]
info@codyhart.org
360-982-0928


Derrill J. Fussell, *Pro Per*
929 E. College Way
squareshooter@earthlink.net
Mount Vernon, WA [98273]
360-707-1815


Kevin S. Ewing, *Pro Per*
929 E. College Way
Mount Vernon, WA [98273]
kevinewing243@gmail.com
360-661-2484


Timothy Garrison, *Pro Per*
929 E. College Way
Mount Vernon, WA [98273]
Pacer0701@outlook.com
360-391-0478


Steven Rindal, *Pro Per*
929 E. College Way
Mount Vernon, WA [98273]
smrindal@gmail.com
360-424-1066


Kathy LaFreniere, *Pro Per*
929 E. College Way
Mount Vernon, WA [98273]
kathyannelafreniere@gmal.com
360-770-6532


COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 12