UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, DERRILL FUSSELL, KEVIN EWING, TIMOTHY GARRISON, STEVEN RINDAL, and KATHY LAFRENIERE,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD WEYRICH, DONALD MCDERMOTT, SANDRA PERKINS, and COUNTY OF SKAGIT,<br><br>Defendants. | CASE NO. 2:23-cv-884<br><br>ORDER DENYING MOTION TO RECUSE |

This matter comes before the Court on Plaintiffs' Motion to Recuse. (Dkt. No. 17.) Having reviewed the Motion and the relevant record, the Court DENIES the Motion.

"[I]n the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) (quoting Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985)). But "a judge may not sit in cases in which his

1  'impartiality might reasonably be questioned.'" Id. (quoting 28 U.S.C. § 455(a)). "If it is a close
2  case, the balance tips in favor of recusal." Id.

3  Plaintiffs rely on 28 U.S.C. § 455(a) for their position. Section 455(a) states that "[a]ny
4  justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding
5  in which his impartiality might reasonably be questioned." The substantive standard for recusal
6  under Section 455 is "whether a reasonable person with knowledge of all the facts would
7  conclude that the judge's impartiality might reasonably be questioned." United States v.
8  Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934,
9  9349 (9th Cir. 1986)). Ordinarily, the alleged bias must stem from an "extrajudicial source."
10 Liteky v. United States, 510 U.S. 540, 554-56 (1994).

11  The Court is not convinced that recusal is appropriate. Plaintiffs seek recusal given the
12 Court's knowledge and involvement in other matters filed by Plaintiffs. (See Affidavit to Motion
13 to Recuse at 1 (Dkt. No. 17-1) (citing the Court's involvement in Hart v. Wesen, 2:23-cv-309;
14 Hart v. McDermott, 2:23-cv-503).) First, Plaintiffs allege that the Court's ruling in favor of the
15 defendants in the other matters shows "undeniable bias and prejudice." (Affidavit at 1.) The
16 Court notes that it has yet to issue any orders in Hart v. McDermott, but did issue an order
17 dismissing the case for lack of standing in Hart v. Wesen. Regardless, ruling one way on a
18 related case does not represent bias on an issue presented in another case. And Plaintiffs fail to
19 point to any extrajudicial source to establish bias in their current case.

20  Second, Plaintiffs seek recusal on the theory that "Judge Pechman has personal
21 knowledge of disputed evidentiary facts concerning the proceedings in which evidence has been
22 referenced and now introduced as mandatory judicial notice." (Affidavit at 1.) This appears to be
23 in reference to 28 U.S.C. § 455(b), which provides: "[A judge] shall also disqualify himself in

24

the following circumstances: (1) Where he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding." Again, Plaintiffs' assertion fails as there is no basis to conclude that the Court has any "personal knowledge" of the facts presented in the present case by its mere oversight of Plaintiffs' other cases.

Lastly, Plaintiffs claim that Judge Pechman will be subpoenaed as a witness to testify to alleged crimes that were committed before her. (Motion at 2.) Plaintiffs allege that Defense Attorney Erik Pedersen committed a crime because he was not lawfully authorized to represent the defendants in the other cases before the Court. (Affidavit at 1.) No evidence has been submitted to sustain this claim and Plaintiffs' mere belief that a crime has been committed does not warrant recusal. For these reasons, the Court DENIES the Motion to Recuse.

In accordance with the Local Rules, this matter is referred to U.S. Chief District Judge David G. Estudillo for review of Plaintiffs' recusal request and this Court's denial of that request.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 19, 2023.

Marsha J. Pechman
United States Senior District Judge