UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART et al., | CASE NO. 2:23-cv-00884-MJP |
| Plaintiffs, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 19) |
| v. | |
| RICHARD WEYRICH et al., | |
| Defendants. | |

This matter comes before the Court on Judge Marsha Pechman's order (Dkt. No. 19) denying Plaintiffs' motion for recusal pursuant to 28 U.S.C. § 455(a) (Dkt. No. 17).[1] Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

---

[1] In two other cases currently before Judge Pechman, Plaintiffs have filed motions to recuse that are identical in substance to the motion here. *Hart et al. v. McDermott et al.*, Case No. 2:23-cv-00503-MJP (Dkt. No. 32); *Hart et al. v. Janicki et al.*, Case No. 2:23-cv-00832-MJP (Dkt. No. 10). Accordingly, this Court's reasoning applies to all three of Plaintiffs' motions to recuse.

28 U.S.C. § 455(a) requires that a judge recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." "Recusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal citation omitted).

Plaintiffs advance three bases for recusal, arguing that each supports finding that Judge Pechman's impartiality may reasonably be questioned under 28 U.S.C. § 455(a).[2] Because the reasoning proffered by Plaintiffs relates exclusively to the fact that Judge Pechman presided over cases brought by Plaintiffs in the past, Plaintiffs' motion fails.

Plaintiffs first assert that recusal is warranted because Judge Pechman's "repeated" rulings against Plaintiffs in earlier cases "show[] undeniable bias and prejudice." (Dkt. No. 17 at 4.) However, prior adverse rulings are not sufficient to show bias; rather, "prejudice must result from an extrajudicial source." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984); *see also United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978) ("There is [] no merit to [] claim[s] of bias based on adverse rulings."). Accordingly, Plaintiffs may not rely on Judge Pechman's prior rulings as a proper ground for recusal.

Plaintiffs further argue—in an apparent reference to the recusal requirements under 28 U.S.C. § 455(b)(1)—that Judge Pechman must recuse herself given her "personal knowledge of disputed evidentiary facts concerning the proceedings." (Dkt. No. 17 at 4.) But Plaintiffs have not shown that any knowledge of Judge Pechman related to the allegations in this matter is

---

[2] Plaintiffs also raise 29 C.F.R. § 2200.68 as authority for their motion to recuse. However, 29 C.F.R. § 2200.68 concerns recusal in the context of Occupational Safety and Health Review Commission hearings rather than in federal court. Accordingly, this Court will analyze Plaintiffs' motion to recuse only under 28 U.S.C. § 455.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 19) - 2

personal in nature, rather than acquired by Judge Pechman in her judicial capacity. *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) ("[I]nformation acquired by the court in its judicial capacity will rarely support recusal"); *United States v. Winston*, 613 F.2d 221, 223 (9th Cir. 1980) ("[R]ecusal is appropriate only when the information is derived from an extra-judicial source"). Plaintiffs' motion only alludes to Judge Pechman's exposure to similar allegations made by Plaintiffs in earlier cases. (Dkt. No. 17 at 2, 4.) As a judge's familiarity with allegations from prior proceedings does not equate to a judge's personal knowledge of the facts underlying those allegations, Plaintiffs' argument in favor of recusal fails. *See United States v. Ashurst*, 1997 WL 414578, at *1 (9th Cir. 1997).

Finally, Plaintiffs assert that Judge Pechman "is anticipated to be called as a witness to testify regarding certain alleged crimes committed within [her courtroom]" (Dkt. No. 17 at 2), seemingly but not expressly invoking 28 U.S.C. § 455(b)(5)(iv), which requires that a judge recuse herself if, "to the judge's knowledge," the judge is "likely to be a material witness in the proceeding." Despite not identifying the "crimes" allegedly witnessed, Plaintiffs appear to take issue with the appearance of an attorney opposite Plaintiffs in earlier litigation before Judge Pechman, as they allege that this attorney "was not lawfully authorized" to represent the opposing party. (Dkt. No. 17 at 4.)

Under these circumstances, Plaintiffs have not advanced facts to raise even a possibility that Judge Pechman would be a material witness in this matter. In particular, Plaintiffs did not show that testimony regarding the appearance of an attorney in a different case would be remotely relevant to their complaint in the present case. *See Kern v. Moulton*, 2012 WL 1682026, at *5 (D. Nev. May 11, 2012) (denying a motion for disqualification when the events allegedly witnessed by the judge were irrelevant to the underlying litigation). And in any event,

Plaintiffs have not shown that Judge Pechman witnessed any events beyond those in the record. *In re Ball*, 2006 WL 2038641, at *5 (D. Ariz. Apr. 5, 2006) (finding recusal was not required when a judge was not a witness to any facts outside of the record); *see also United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566–67 (9th Cir. 1995).

As each of Plaintiffs' arguments in support of recusal are without merit, this Court AFFIRMS Judge Pechman's denial of Plaintiffs' motion to recuse.

DATED this 4th day of August 2023.

David G. Estudillo
United States District Judge