UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, DERRILL FUSSELL, KEVIN EWING, TIMOTHY GARRISON, STEVEN RINDAL, and KATHY LAFRENIERE,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD WEYRICH, DONALD MCDERMOTT, SANDRA PERKINS, and COUNTY OF SKAGIT,<br><br>Defendants. | CASE NO. 2:23-cv-884<br><br>ORDER STAYING CASE |

This matter comes before the Court sua sponte. Currently pending before the Court are Plaintiffs' Motion for Contempt (Dkt. No. 9), Emergency Motion for Partial Declaratory Relief (Dkt. No. 17), Motion for Leave to File an Amended Complaint (Dkt. No. 23), and Defendants' Motion to Dismiss (Dkt. No. 11). Plaintiffs have also filed five related cases (Hart v. Janicki, 2:23-cv-832; Hart v. McDermott, 2:23-cv-503; Hart v. Weyrich, 2:23-cv-311; Hart v. Perkins, 2:23-cv-312; and Hart v. Wesen, 2:23-cv-309). The Court consolidated Hart v. Weyrich (C23-

1  311), Hart v. Perkins, and Hart v. Wesen (case no. 2:23-cv-309), but has yet to consolidate the

2  remaining cases. Plaintiffs have filed multiple motions in each respective case and Defendants

3  have filed motions to dismiss in each case. In light of these pending motions, the Court sua

4  sponte STAYS the case until the current motions are resolved.

5  **ANALYSIS**

6  **A.    The Court's Authority to Issue a Stay**

7  "[T]he power to stay proceedings is incidental to the power inherent in every court to

8  control disposition of the cases on its docket with economy of time and effort for itself, for

9  counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this

10  power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th

11  Cir. 1962). The inherent power to stay includes granting an order to stay "pending resolution of

12  independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd.,

13  593 F.2d 857, 863 (9th Cir. 1979). And courts have the power to consider stays sua sponte. Ali v.

14  Trump, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

15  In determining the propriety of a stay, the Court must "weigh competing interests and

16  maintain an even balance." Landis, 299 U.S. at 254-55. Such balance includes consideration of

17  "the possible damage which may result from the granting of a stay, the hardship or inequity

18  which a party may suffer in being required to go forward, and the orderly course of justice

19  measured in terms of the simplifying or complicating of issues, proof, and questions of law

20  which could be expected to result from a stay." CMAX, 300 F.2d at 268. A stay is appropriate

21  when it will serve the interests of judicial economy by allowing for development of factual and

22  legal issues, and when weighing of the hardships favors granting of a stay. See, e.g., Lockyer v.

23  Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

24

1 | Due to the recent motions brought before the Court, the Court considers <u>sua sponte</u>
2 | whether to impose a stay based on the relevant factors.
3 |     1.    Damage from a Stay
4 | The Court finds no risk of damage to either party due to a stay. The stay considered by
5 | the Court is not an indefinite one. It will only be stayed while the Court considers and rules on
6 | the motions already pending before it. This is a temporary stay that will not cause any needless
7 | delay of the resolution of the case. And the Court finds that absent a stay Plaintiffs will likely
8 | continue to file motions that will unnecessarily use additional government resources and add to
9 | the backlog of cases.
10 |     2.    Hardship or Inequity
11 | "[H]ardship or inequity may result to both parties if the [c]ourt does not pause to consider
12 | issues . . . because of the potential for inconsistent rulings and resulting confusion to law
13 | enforcement agencies and the public." <u>Ali</u>, 241 F. Supp. 3d at 1153 (internal quotation omitted).
14 | Given the number of related cases and the motions that Plaintiffs have filed in each case, the
15 | Court finds that inequity would result if the Court does not stay the case to deal with the issues
16 | currently before it in each case given that the cases have many overlapping issues.
17 |     3.    The Orderly Course of Justice
18 | The Court finds this final factor too weighs in favor of a stay. The Court is currently
19 | dealing with a backlog of motions filed by the Plaintiffs. The Court finds a stay will promote
20 | judicial economy as it will temporarily limit Plaintiffs ability to continue filing motions while the
21 | Court takes time to deal with the motions previously filed. This factor therefore strongly favors a
22 | stay.

## CONCLUSION

For the foregoing reasons, the Court STAYS this case. The Court will stay the case until the Court can issue orders on the motions currently pending in this case. The Court informs the parties they are not to file any additional motions until the Court lifts the stay.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 7, 2023.

Marsha J. Pechman
United States Senior District Judge