1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   CODY HART, et al.,                        CASE NO. C23-884 MJP

11                    Plaintiffs,              ORDER DENYING PLAINTIFFS'
                                               MOTION FOR CONTEMPT AND
12          v.                                 MOTION TO DISQUALIFY

13   RICHARD WEYRICH, et al.,

14                    Defendants.

15

16          This matter comes before the Court on Plaintiffs' Motion for Contempt (Dkt. No. 9) and

17   Motion to Disqualify (Dkt. Nos. 27). Having reviewed the Motions, Defendants' Opposition to

18   the Motion for Contempt (Dkt. No. 14), and all supporting materials, the Court DENIES the

19   Motions.

20                                        **BACKGROUND**

21   **A.     Motion for Contempt**

22          In their Motion for Contempt, Plaintiffs seek an "order of criminal contempt, pursuant to

23   Federal Rule of Civil Procedure 42(b)" for alleged violations of "18 U.S.C. § 1001, and 18 U.S.

24

1  Code § 402." (Mot. for Contempt at 1 (Dkt. No. 9).) Plaintiffs believe that Defendants' counsel,

2  Deputy Skagit County Prosecutor, Erik Pedersen, lacks authority to represent Defendants. They

3  believe that the Skagit County Prosecutor, Richard Weyrich, and Pedersen failed to obtain and

4  deposit a public bond before January 1, 2023 and that this caused Weyrich to vacate his office.

5  Plaintiffs then argue that if Weyrich was no longer in office, he could not appoint Pedersen as

6  counsel and that Pedersen therefore lacks authority to represent Defendants.

7        Plaintiffs have submitted a Request for Judicial Notice and cite to its exhibits in support

8  of the Motion for Contempt. (<u>See</u> Memorandum ISO Mot. for Contempt (Dkt. No. 10), and

9  Plaintiffs' Request for Judicial Notice (RJN) (Dkt. No. 15).) And with their Complaint, Plaintiffs

10  have filed a copy of Weyrich's public bond, which was obtained on December 27, 2022 and filed

11  with Skagit County on February 1, 2023. (Compl. Ex. 6 (Dkt. No. 1).)

12  **B.**    **Motions to Disqualify**

13        Plaintiffs seek to disqualify the Skagit County Prosecuting Attorney on the theory that he

14  has a conflict of interest under Washington Rule of Professional Conduct 1.7 that prevents them

15  from representing Defendants. Plaintiffs argue that the Prosecuting Attorney cannot represent

16  Defendants because doing so is outside of the Prosecuting Attorney's powers and would be a

17  misuse of public funds, particularly since they believe the County did not timely authorize the

18  representation.

19                                      **ANALYSIS**

20  **A.**    **Motion for Contempt**

21        There are several problems with Plaintiffs' Motion for Contempt. First, Plaintiffs invoke

22  two sections of Title 18 of the United States Code, which are federal criminal statutes. Plaintiffs

23  lack standing to enforce federal criminal laws. <u>Allen v. Gold Country Casino</u>, 464 F.3d 1044,

24

1  1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Second, even if

2  Plaintiffs did have standing, they have failed to show any criminal action. There is no merit to

3  Plaintiffs' theory that Weyrich lacked a bond and therefore vacated his office. Weyrich obtained

4  a bond before January 1, 2023, though he deposited it with the County on February 1, 2023. The

5  fact that the bond was deposited after January 1, 2023, does not mean he vacated his office under

6  RCW 42.12.010(6). As the Washington Supreme Court has held, not even the failure to obtain a

7  bond supports a finding of vacancy unless there is also evidence of "intended to violate the law

8  or wilfully [sic] failed to perform his duty to secure a bond." Recall of Sandhaus, 134 Wn.2d

9  662, 670 (1998). Here, the bond was obtained and there is no evidence that Weyrich intentionally

10  or willfully violated the requirement to deposit them before January 1, 2023. This undermines

11  Plaintiffs' claim that Weyrich violated any provision RCW Title 42 or vacated his office. His

12  appointment of Pedersen as deputy is not invalid. Third, Pedersen, as a deputy prosecutor, was

13  not required to obtain a public bond under RCW 36.16.050 and -.060 because the bonding

14  requirement applies only to officers. "A deputy county clerk is not a county officer." Nelson v.

15  Troy, 11 Wash. 435, 442 (1895); see also Lee ex rel. Office of Grant Cnty. Prosecuting Attorney

16  v. Jasman, 183 Wn. App. 27, 48 (2014). Accordingly, this theory lacks merit.

17      The Court finds no merit in Plaintiffs' Motion for Contempt, and DENIES it.

18  **B.    Motions to Disqualify**

19      Washington courts are reluctant to disqualify an attorney absent compelling

20  circumstances. Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co., 124 Wn.2d 789, 812, 881

21  P.2d 1020 (1994). Disqualification is considered "a drastic measure which courts should hesitate

22  to impose except when absolutely necessary." United States ex rel. Lord Elec. Co., Inc. v. Titan

23

24

1   Pac. Constr. Corp., 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (citing Freeman v. Chicago

2   Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)).

3        This Court's Local Civil Rule 83.3 (a)(2) directs that "attorneys appearing in this district

4   shall . . . comply with . . . the Washington Rules of Professional Conduct (RPC)." Rule 1.7

5   states, in full:

6        (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the
    representation involves a concurrent conflict of interest. A concurrent conflict of interest

7   exists if:

8        (1) the representation of one client will be directly adverse to another client; or
    (2) there is a significant risk that the representation of one or more clients will be

9   materially limited by the lawyer's responsibilities to another client, a former client
    or a third person or by a personal interest of the lawyer.

10

11       (b) Notwithstanding the existence of a concurrent conflict of interest under
    paragraph (a), a lawyer may represent a client if:

12       (1) the lawyer reasonably believes that the lawyer will be able to provide
    competent and diligent representation to each affected client;

13       (2) the representation is not prohibited by law;
         (3) the representation does not involve the assertion of a claim by one

14  client against another client represented by the lawyer in the same litigation or
    other proceeding before a tribunal; and

15       (4) each affected client gives informed consent, confirmed in writing
    (following authorization from the other client to make any required disclosures).

16

17  RPC 1.7.

18       Plaintiffs argue that the Skagit County Prosecuting Attorney cannot represent Defendants

19  because doing so is prohibited by law and therefore in violation of RPC 1.7(b)(2). (Mot. to

20  Disqualify at 4 (Dkt. No. 33).) The argument misses the mark. RPC 1.7 deals with conflicts of

21  interest, and Plaintiffs have not identified any conflict of interest. This is fatal to their motion.

22  Moreover, Plaintiffs have not shown how the representation is prohibited by law. Skagit County

23  Code permits Skagit County to "provide legal services for the defense of any of its officers,

24

1  employees or volunteers when a lawsuit against them arises out of an official act or omission if

2  the requirements of this section are met." Skagit County Code (SCC) 2.20.030(1). And the

3  defense may be provided in cases such as the one Plaintiffs have filed, which arise out of "acts or

4  omissions occurring during their tenure of office or employment." SCC 2.20.030(2). Plaintiffs

5  suggest that the defense is improper because the Skagit County Code forbids the County to

6  "defend a charge of official misconduct, willful misconduct or to defend the right to hold office."

7  SCC 2.20.030(2). But Plaintiffs' complaint does not constitute a charge of official or willful

8  misconduct or the right to hold office. Though undefined in the Skagit County Code, the term

9  "charge" is generally understood to mean "[a] formal accusation of an offense as a preliminary

10  step to prosecution." CHARGE, Black's Law Dictionary (11th ed. 2019). Plaintiffs' complaint

11  does not constitute a preliminary step to prosecution, given that Plaintiffs are citizens without the

12  authority to enforce the criminal code provisions they have identified. And even if their

13  complaint could be considered a "charge," it does not contain colorable allegations of official or

14  willful misconduct or that Defendants are "defend[ing] the right to hold office," as the Court has

15  explained in its separate Order of Dismissal.

16      The Court also finds no merit in Plaintiffs' argument that it should disqualify the Skagit

17  County Prosecuting Attorney for not obtaining County approval to represent the Defendants.

18  County Commissioners cannot unilaterally hire another attorney because "county boards of

19  commissioners do not possess statutory authority to appoint outside counsel over the objection of

20  an able and willing prosecuting attorney." State ex rel. Banks v. Drummond, 87 Wn.2d 157, 182

21  (2016) as amended (Feb. 8. 2017). There is thus a presumption that Defendants had to utilize the

22  prosecutor's office for their representation. And the County has authorized the Prosecuting

23  Attorney to represent the individuals Plaintiffs have sued under the same or similar misguided

24

1  theories. (See Hart v. Janicki, C23-832 MJP, Plaintiffs' Request for Judicial Notice Ex. 1 (Dkt.

2  No. 14 at 9-12) (W.D. Wash.).) Plaintiffs identify no reason why such approvals would not be

3  obtained here. The lack of a formal County-level approval, which may be a state requirement,

4  has not been shown to be grounds for this Court to disqualify the Skagit County Prosecuting

5  Attorney. Plaintiffs have not met their heavy burden to justify their request.

6                                        **CONCLUSION**

7          Plaintiffs' Motion for Contempt and Motion to Disqualify fail to present a colorable basis

8  on which to disqualify defense counsel or hold them in contempt. The Motions are not well

9  founded, and the Court DENIES them.

10         The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

11         Dated August 31, 2023.

12

13                                              Marsha J. Pechman
                                                United States Senior District Judge

14

15

16

17

18

19

20

21

22

23

24