UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RICHARD WEYRICH, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C23-884 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6) AND DENYING PLAINTIFFS' MOTION TO AMEND |

　　　This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 11) and Plaintiffs' Motion for Leave to Amend (Dkt. No. 23). Having reviewed the Motions, Plaintiffs' Oppositions to the Motion to Dismiss (Dkt. Nos. 12, 18), Defendants' Reply (Dkt. No. 21), and all supporting materials, the Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiffs' Motion for Leave to Amend.

**BACKGROUND**

　　　Pro se Plaintiffs allege that the Skagit County Prosecuting Attorney, Richard Weyrich, the Skagit County Sherriff, Donald McDermottt, and the Skagit County Auditor, Sandra Perkins,

have violated state and federal law by not timely depositing public bonds. (Complaint ¶¶ 13-25.) Exhibits Plaintiffs filed with their Complaint show that all three individual defendants timely obtained public bonds, but that they were not deposited with the County until February 1, 2023. (Exs. 2-8 to the Compl.) Plaintiffs allege that this violated RCW 36.16.050 and -.060 and that this caused their public offices to be vacated under RCW 42.12.010. (See Compl. ¶¶ 26-37 (First through Third Causes of Action).) Plaintiffs also allege that Defendants have violated various federal criminal laws. (Id. ¶¶ 38-43 (Fourth through Sixth Causes of Action).)

Defendants move to dismiss for lack of standing and for failure to state a claim. They also ask the Court to declare Plaintiffs vexatious litigants and issue a bar order. (Dkt. No. 11.) Plaintiffs oppose this request and have also filed a Motion for Leave to Amend. (Dkt. Nos. 12, 18, 23.)

**ANALYSIS**

**A.     Legal Standards**

Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. Upon such a motion, the plaintiff party bears the burden of establishing the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In contrast, a motion to dismiss for failure to state a claim tests the legal sufficiency of the claims Under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant.

1 | Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive

2 | dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

3 | claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

4 | Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). And "a district court ruling on a

5 | motion to dismiss may consider a document the authenticity of which is not contested, and upon

6 | which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 705–06

7 | (9th Cir. 1998), superseded by statute on other grounds.

8 | **B.    Subject Matter Jurisdiction**

9 |       The Court finds it lacks subject matter jurisdiction over this action because Plaintiffs do

10 | not have Article III standing to pursue the claims alleged in this case.

11 |       Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" and

12 | "controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is

13 | that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568

14 | U.S. 398, 408 (2013) (internal quotation and citation omitted). To establish standing "a plaintiff

15 | must show (1) [they have] suffered an injury in fact that is (a) concrete and particularized and (b)

16 | actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the

17 | challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the

18 | injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l.

19 | Serv. Inc., 528 U.S. 167, 180-81 (2000). "The plaintiff, as the party invoking federal jurisdiction,

20 | bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338

21 | (2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each

22 | element." Id. (internal quotation and citation omitted). And "a plaintiff cannot establish standing

23 | by asserting an abstract general interest common to all members of the public, no matter how

24 |

sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public." Carney v. Adams, ___ U.S. ___, 208 L. Ed. 2d 305, 141 S. Ct. 493, 499 (2020) (citation and quotation omitted).

Plaintiffs' complaint fails to identify any concrete or particularized injury sufficient to confer standing as required under Article III. First, none of the Plaintiffs has identified any individual injury arising out of the alleged failure of Perkins, McDermott and Weyrich to timely deposit their public bonds. Plaintiffs fail to identify any concrete, personal injury from these alleged untimely acts or an injury that could be redressed from the relief sought. At most, Plaintiffs have identified an injury to a public interest that is common to all members of the public. This is not a basis to satisfy the injury-in-fact requirement of standing. See Carney, 141 S. Ct. at 499. Second, Plaintiffs lack standing to enforce the federal criminal statutes they have identified. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Based on the allegations in the Complaint, the Court finds that Plaintiffs lack standing to pursue all of their claims.

The Court therefore DISMISSES this action for lack of subject matter jurisdiction.

**C.      Plaintiffs Fail to State A Claim**

In addition and as an alternative, the Court finds that Plaintiffs have failed to state a claim and that dismissal is also appropriate under Rule 12(b)(6). The Court reviews the pleading defects as to the various federal and state law claims.

### 1. No Private Right of Action under Title 18

In addition to lacking standing, Plaintiffs cannot pursue any claims under Title 18 of the United States Code. As private citizens, Plaintiffs cannot enforce the federal criminal code in Title 18. See Allen, 464 F.3d at 1048 (no private right of action for violation of criminal statutes). This is an independent basis on which the Court DISMISSES Plaintiffs' Title 18 claims—the Fourth, Fifth, and Sixth causes of action—under Rule 12(b)(6). Amendment is futile because Plaintiffs cannot pursue claims under these federal statutes.

### 2. State Law Claims

Plaintiffs have also failed to allege viable state-law claims even if they had standing to bring them.

Plaintiffs have not identified any private right of action to pursue their claims against Perkins, Weyrich, or McDermott for failing to timely deposit their public bonds before taking office in 2023. Though the timely-obtained bonds were deposited after January 1, 2023, this delay does not mean that Defendants vacated their seats under RCW 42.12.010(6). As the Washington Supreme Court has held, not even the failure to obtain a bond supports a finding of vacancy unless there is also evidence of "intended to violate the law or wilfully [sic] failed to perform his duty to secure a bond." Recall of Sandhaus, 134 Wn.2d 662, 670 (1998). Here, the bonds were obtained and there is no evidence that Perkins, Weyrich, or McDermott intentionally or willfully violated the requirement to deposit them before January 1, 2023. This undermines Plaintiffs' claim that Perkins, Weyrich, or McDermott violated RCW 36.16.050 or any provision RCW Title 42 and necessitates dismissal of the First, Second, and Third causes of action. These claims must be dismissed, and amendment is futile because the bonds and oaths were properly and timely obtained.

1     The Court DISMISSES all of the state law claims under Rule 12(b)(6).

2 **D.  Bar Order Request**

3     Defendants have asked the Court to find Plaintiffs to be vexatious litigants and issue a pre-filing bar order under the All Writs Act and Local Civil Rule 11. While the Court sympathizes with Defendants, the record here does not support issuance of a bar order.

    "A court has the inherent power to sanction a party or its lawyers if it acts in "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," as well as for "willful[ ] abuse [of the] judicial processes." Gomez v. Vernon, 255 F.3d 1118, 1133–34 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980) (internal citations and quotations omitted)). To issue a bar order, the Court must first make "a finding of bad faith, or conduct tantamount to bad faith." Id. at 1134. "Under this standard, although recklessness, of itself, does not justify the imposition of sanctions, sanctions are available when recklessness is 'combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" Id. (quoting Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001)). "Sanctions, then, are justified 'when a party acts for an improper purpose—even if the act consists of making a truthful statement or a non-frivolous argument or objection.'" Id. (quoting Fink, 239 F.3d at 992 (emphasis in original)).

    The Court here does not find sufficient evidence of bad faith to issue a bar order. The Court agrees with Defendants that Plaintiffs' legal theories have been shown to be meritless and border on frivolous. But the Court is not convinced that there is evidence of recklessness or bad faith. Plaintiffs filed this and the other related actions in close succession, all premised on the same or similar theory concerning the deposit of public bonds. At the time of filing, there was not necessarily a clear indication that the legal theories these pro se Plaintiffs pursued were

unfounded. So while the Court has rejected Plaintiffs' legal theories and found Plaintiffs lack standing and failed to state claims on which relief may be granted, the Court notes that Plaintiffs lacked clear notice that their claims and requests for relief lacked merit. Based on this record, the Court does not find that the lawsuits or motions were filed in bad faith. That said, Plaintiffs now have fair warning that their legal theories at issue in these actions and tactics they have employed—including to seek to disqualify defense counsel—all lack merit. Further lawsuits which pursue claims and seek relief based on the theories the Court has rejected in this and the related cases may lead to the imposition of sanctions, including, potentially, a bar order.

The Court therefore DENIES the request to issue a bar order.

## CONCLUSION

The Court lacks subject matter jurisdiction over this action given Plaintiffs' lack standing. The Court DISMISSES the claims for lack of jurisdiction under Rule 12(b)(1). Additionally, the Court finds that Plaintiffs have failed to state a claim under state or federal law sufficient to satisfy Rule 12(b)(6). This is an alternative basis on which it DISMISSES the claims. The Court also finds that the defects in the complaint cannot be cured by amendment and therefore DISMISSES this action WITH PREJUDICE and DENIES the Motion to Amend. The Court also DENIES Defendants' request for a bar order.

The Court also DENIES as MOOT the Motion for Partial Declaratory Relief (Dkt. No. 20) given the Court's lack of subject matter jurisdiction and cannot grant the relief requested.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated August 31, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6) AND DENYING PLAINTIFFS' MOTION TO AMEND - 7